1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HARJIT BHAMBRA,
                                            No. CIV S-09-3124 JAM EFB PS
11                Plaintiff,

12        vs.

13   COUNTY OF NEVADA, Municipal
     Corporation and Public Employer;
14   CLIFFORD NEWELL, in his official
     capacity as District Attorney of County
15   of Nevada; JOHN SPENCER, in his
     official capacity as Supervisor of County
16   of Nevada for the Third District;
     YOLANDA NEMETH, in her official
17   capacity as Peace Officer of the State of
     California; DEPARTMENT OF
18   CALIFORNIA HIGHWAY PATROL,
     Public employer of Yolanda Nemeth;
19   ROBERT SHULMAN, in his official
     capacity as County Counsel of County of
20   Nevada; DALE FLIPPIN, in his official        ORDER AND
     capacity as Assessor of County of Nevada;    FINDINGS AND RECOMMENDATIONS
21   HANK WESTON, in his official capacity
     as Supervisor of County of Nevada for the
22   Fourth District; KEITH ROYAL, in his
     official capacity as Sheriff of the County
23   of Nevada; and DOES 1 through 50,

24                Defendants.
     _____/
25

26   ////

                                   1

1    This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

2    Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On November

3    10, 2009, plaintiff filed what he styles as a Writ of Quo Warranto, alleging that the individual

4    defendants are not qualified to hold their government offices because they did not execute and

5    file valid loyalty oaths as required by the state and federal constitutions, and therefore must be

6    removed from those offices.  Dckt. No. 3 at 6-7.  Plaintiff alleges that in January 2007, defendant

7    Nemeth falsely issued a vehicle code citation to plaintiff, that Newell issued arrest warrants and

8    prosecuted plaintiff without any lawful authority, and that as a result, plaintiff was incarcerated

9    for 60 days in Nevada County jail under defendant Royal's unlawful authority.  *Id.* at 6.  Plaintiff

10   alleges that "California Rule of Civil Procedure 803 and 811 give this court subject matter

11   jurisdiction over this quo warranto petition."  *Id.* at 4.

12   Now pending before the court are (1) defendants County of Nevada, Clifford Newell,

13   John Spencer, Robert Shulman, Dale Flippin, Hank Weston, and Keith Royal's (collectively,

14   "the County defendants") motion to dismiss plaintiff's Writ of Quo Warranto pursuant to Federal

15   Rules of Civil Procedure 12(b)(1) and 12(b)(6), Dckt. No. 6; (2) defendant California Highway

16   Patrol's ("CHP") motion to dismiss plaintiff's Writ of Quo Warranto, Dckt. No. 8; (3) plaintiff's

17   motion for leave to file an amended Writ of Quo Warranto, Dckt. No. 25; and (4) defendant

18   Yolanda Nemeth's motion to set aside the clerk's entry of default against her and motion to

19   dismiss, Dckt. No. 30.

20   I.    Nemeth's Motion to Set Aside Clerk's Entry of Default

21   On December 21, 2009, the clerk entered the default of defendant Nemeth.  Dckt. No. 21.

22   Nemeth moves to set aside that entry of default, arguing that good cause exists to do so because

23   plaintiff failed to serve her and because she has not engaged in any culpable conduct, has several

24   meritorious defenses to plaintiff's Writ of Quo Warranto, and plaintiff will not be prejudiced by

25   setting aside the entry of default.  *Id.* at 6, 7.

26   ////

2

Pursuant to Federal Rule of Civil Procedure 55(c), the court may set aside the entry of default "for good cause." Fed. R. Civ. P. 55(c). In the Ninth Circuit, this includes consideration of "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether [setting aside the entry of default] would prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). This tripartite test is "disjunctive," meaning that the district court is free to deny the motion if any of these three factors is shown to exist. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108–09 (9th Cir. 2000).

With regard to a defendant's "culpable" conduct, failing to respond to a lawsuit of which the defaulting party has actual knowledge is not "culpable" where defendant offers "a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI Group Life Ins. Plan,* 244 F.3d at 697. With regard to whether a defendant lacks a meritorious defense, the defendant need not show that it will prevail, only that there is a bona fide chance that such a result will occur. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Finally, with regard to prejudice, the plaintiff must be able to show that the delay resulted in the loss of evidence, that it increased the difficulty of discovery, or that it thwarted plaintiff's ability to obtain relief. *Cutting v. Town of Allenstown,* 936 F.2d 18, 22 (1st Cir. 1991) (plaintiff died in intervening period); *Northwestern Mut. Life Ins. Co. v. DeMalleraym,* 789 F. Supp. 651, 654 (S.D.N.Y. 1992) (loss of records in interim). "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000); *see also TCI Group Life Ins. Plan,* 244 F.3d at 701.

Although the parties dispute whether defendant Nemeth was properly served, and therefore whether the entry of default was proper to begin with (*compare* Dckt. No. 30 at 6 *with* Dckt. No. 31 at 7), Nemeth has shown that her default should be set aside because she did not

1   engage in any culpable conduct, she has a meritorious defense to the action, and plaintiff will not

2   be prejudiced by the default being set aside.  Nemeth submitted a declaration averring that she

3   was never personally served with the summons or complaint and never authorized anyone to

4   accept service on her behalf; she does not live or work in Sacramento and she is not assigned to a

5   CHP station in Sacramento; and the first time she learned of this lawsuit was when she was

6   contacted by CHP legal staff and a deputy attorney general to determine if she had been served

7   with process.  Dckt. No. 30-2.  Further, as discussed below, Nemeth has a meritorious defense to

8   plaintiff's Writ of Quo Warranto: lack of subject matter jurisdiction.  Indeed, the action is

9   dismissed below for that reason.  Finally, plaintiff will not be prejudiced by the default being set

10  aside because this action must be dismissed for lack of jurisdiction.  Therefore, defendant's

11  motion to set aside the clerk's entry of default against her will be granted.

12  II.   Defendants' Motions to Dismiss

13       A.   Subject Matter Jurisdiction

14       All of the defendants also move to dismiss plaintiff's Writ of Quo Warranto pursuant to

15  Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

16            1.   Standards

17       "Federal courts are courts of limited jurisdiction.  They possess only that power

18  authorized by Constitution and statute . . . ."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

19  U.S. 375, 377 (1994) (internal citations omitted).  Rule 12(b)(1) of the Federal Rules of Civil

20  Procedure allows a party to seek dismissal of an action where federal subject matter jurisdiction

21  is lacking.  "When subject matter jurisdiction is challenged under Federal Rule of Procedure

22  12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."

23  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

24       A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or

25  by presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139

26  (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a factual

1   challenge, the court may consider evidence demonstrating or refuting the existence of

2   jurisdiction.  *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir.

3   2008).  "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations,

4   and the existence of disputed material facts will not preclude the trial court from evaluating for

5   itself the merits of jurisdictional claims."  *Id.* (quoting *Roberts v. Corrothers*, 812 F.2d 1173,

6   1177 (9th Cir. 1987)).

7            The court is mindful of plaintiff's pro se status.  Pro se pleadings are held to a less

8   stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21

9   (1972).  Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to

10  notice and an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d

11  1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  However,

12  although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773

13  F.2d 1026, 1027 n.1 (9th Cir. 1985), that liberal interpretation may not supply essential elements

14  of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of*

15  *Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not

16  required to accept legal conclusions cast in the form of factual allegations if those conclusions

17  cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d

18  752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

19  unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

20  1981).

21            2.   Discussion

22            Plaintiff asserts that this court has jurisdiction over his Writ of Quo Warranto under

23  California Code of Civil Procedure sections 803-811, which authorize the California Attorney

24  General, in the name of the people of California, to bring an action "against any person who

25  ////

26  ////

5

1   usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military . . . ."[1]

2   Cal. Civ. Proc. Code § 803; Dckt. No. 3 at 3.  However, such state statutes do not provide this

3   court with subject matter jurisdiction under 28 U.S.C. § 1331, which states that the federal

4   district courts "shall have original jurisdiction of all civil actions arising under the Constitution,

5   laws, or treaties *of the United States*."  28 U.S.C. § 1331 (emphasis added).

6          Additionally, plaintiff has not established that he has the authority or the standing to

7   bring a *federal* quo warranto action.  "Quo warranto is an ancient writ used by the King of

8   England to determine if an individual's claim to an office or franchise is well-founded.  If the

9   individual is found to be in unlawful possession of the office, the individual is ousted."  *Jesinger*

10  *v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994) (citations omitted).  It is a right of

11  action "inherently in the Government . . . "  *Territory of Neb. v. Lockwood*, 70 U.S. 236, 240

12  (1865).  Because "[i]t appears from case law that in federal court, the writ may be sought only by

13  the United States, and not by private individuals," plaintiff does not have standing to bring a writ

14  of quo warranto under federal law and therefore has not asserted a proper basis for federal

15  jurisdiction over his quo warranto claim.  *Allah v. Robinson*, 2007 WL 2220258, at *2 (W.D.

16  Wash. July 31, 2007) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933)); *see also*

17  *United States v. Machado*, 306 F. Supp. 995, 1000 (N.D. Cal. 1969).

18         In his oppositions to defendants' motions, plaintiff argues that this court has jurisdiction

19  over his Writ of Quo Warranto under various federal statutes, including 42 U.S.C. §§ 1983 and

20  1985.  *See* Dckt. No. 10 at 8; Dckt. No. 14 at 5-6.  However, while plaintiff refers to various

21  federal statutes in his Writ, he fails to allege any specific facts demonstrating any cause of action

22  available under those statutory provisions.  He does not allege any excessive force, false arrest,

23  or other denial of his civil rights by any of the defendants.  Also, in his opposition, plaintiff

24

25         [1] Plaintiff's Writ also cites to 5 U.S.C. § 3331, 28 U.S.C. § 453, and 28 U.S.C. § 631 in
    support of his quo warranto action.  However, § 3331 specifically applies to individuals elected
    or appointed to an office of honor or profit in the federal civil service or uniformed services;
26  § 453 applies to federal judges and justices; and § 631 applies to federal magistrate judges.

1   acknowledges that the entire basis of this case is his quo warranto claim, in which he seeks a

2   declaratory judgment that defendants' conduct was unlawful because they had not properly

3   executed and filed oaths of office.  He states that once his writ is "concluded by the District

4   Court, [he] will prosecute his civil rights lawsuit pursuant to Title 42 U.S.C. 1983-1988."  Dckt.

5   No. 10 at 6.  In other words, plaintiff specifically acknowledges that the present lawsuit does not

6   seek to raise any civil rights claims.  Therefore, because plaintiff has not established that this

7   Court has jurisdiction over his Writ, the defendants' motions to dismiss for lack of jurisdiction

8   must be granted.[2]

9          B.      Failure to State a Claim

10          Because plaintiff's Writ of Quo Warranto fails to invoke the court's subject matter

11   jurisdiction, the court does not address the other grounds raised in defendants' motions.

12   III.   Plaintiff's Motion to Amend

13          Plaintiff has requested leave to file an amended Writ of Quo Warranto.  Dckt. No. 25.

14   Although leave to amend is freely given under Federal Rule of Civil Procedure 15(a), it is

15   properly denied where the amendment would be futile.  Plaintiff's proposed amended Writ does

16   not cure the jurisdictional defects.  Thus, further amendment would be futile and that this action

17   should be dismissed with prejudice.  28 U.S.C. § 1653; *Noll*, 809 F.2d at 1448 (While the court

18   ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where

19   it appears amendment would be futile).

20          As discussed above, plaintiff has not alleged a federal basis for his quo warranto action,

21   and has not alleged (in either the initial Writ of Quo Warranto or the proposed amended Writ of

22   Quo Warranto) any facts in support of a civil rights claim.  Plaintiff's Writ only alleges that on

23   January 19, 2007, defendant Nemeth falsely issued a vehicle code citation to plaintiff; that on

24   ─────────────

25          [2] Plaintiff's Writ also does not establish that this court has diversity jurisdiction under 28
     U.S.C. § 1332.  Plaintiff states in his Writ that he "is a citizen of the United States, a resident of
     Contra Costa County, California," and the defendants are also California citizens.  Dckt. No. 3 at

26   2, 5; *see also* Dckt. No. 7 at 4-5.  Therefore, there is not complete diversity among the parties.

1   January 19, 2007, defendant Newell issued arrest warrants and prosecuted plaintiff without any

2   lawful authority, and that as a result, plaintiff was incarcerated for 60 days in Nevada County jail

3   under defendant Royal's unlawful authority.  Dckt. No. 3 at 6; Dckt. No. 27 at 8.

4          Nonetheless, to the extent plaintiff could allege facts supporting a civil rights claim based

5   on his arrest, prosecution, and/or incarceration in January 2007, amendment of his Writ to assert

6   those claims against defendant CHP and defendant Nemeth, who was named only in her official

7   capacity as a CHP officer, would still be futile because those defendants are immune from suit

8   under the Eleventh Amendment.  *Vierria v. California Highway Patrol*, 644 F. Supp. 2d 1219,

9   1238-39 (E.D. Cal. 2009); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)

10  (under the Eleventh Amendment to the Constitution of the United States, a state or state agency

11  may not be sued in federal court without its consent); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

12  Cir. 1989).

13         Additionally, it appears that any civil rights claim against the County defendants or

14  against defendant Nemeth in her individual capacity would be barred by the applicable statute of

15  limitations.  Because 42 U.S.C. §§ 1983 and 1985 contain no specific statute of limitations,

16  federal courts apply the forum state's statute of limitations for personal injury actions, along with

17  the forum state's law regarding tolling.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004);

18  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th

19  Cir. 1999).  California has a two-year statute of limitations for personal injury actions.  Cal. Civ.

20  Proc. Code § 335.1.  Additionally, under California law, in limited circumstances, a statute of

21  limitations may be tolled for the period that plaintiff is incarcerated, up to a period of two years.

22  Cal. Civ. Proc. Code § 352.1.  "Under federal law, a claim accrues when the plaintiff knows or

23  has reason to know of the injury which is the basis of the action."  *Maldonado v. Harris*, 370

24  F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

25         Plaintiff alleges that he was unlawfully issued a vehicle code citation and arrested on

26  January 19, 2007, and that he thereafter served 60 days in County jail.  Dckt. No. 3 at 6; Dckt.

8

1    No. 27 at 8.  However, plaintiff did not file this action until November 10, 2009.  Even if the

2    statute of limitations was tolled during his 60 day incarceration, the two year limitations period

3    for filing any civil rights claim based on plaintiff's allegedly unlawful arrest, prosecution, or

4    incarceration would have expired on or around March 20, 2009.

5         Plaintiff contends in his opposition to CHP's motion to dismiss that defendant Nemeth

6    was only a CHP cadet at the time she issued plaintiff a vehicle code citation, and that he only

7    "learned on January 15, 2009, that the CHP cadet was not a peace officer of the State of

8    California."  Dckt. No. 10 at 5-6; Dckt. No. 27 at 7-8.  Therefore, plaintiff contends, he had two

9    years from that date to file a civil rights lawsuit.  *Id.*  However, plaintiff has not provided any

10   facts, and it does not appear that he can allege any facts, showing that plaintiff did not know or

11   have reason to know of the *injury* he allegedly suffered in January 2007 until January 2009, nor

12   has he provided any facts suggesting that he could not have discovered earlier that Nemeth was

13   not a peace officer of the State of California.  Moreover, as noted above, plaintiff acknowledges

14   that the entire basis of this case is his quo warranto claim against the defendants and states that

15   he does not seek to raise his civil rights claims until his quo warranto claim has been adjudicated.

16   Dckt. No. 10 at 6.

17        For all of these reasons, leave to amend is not appropriate here.

18   IV.   Conclusion

19        Accordingly, IT IS HEREBY ORDERED that:

20        1.  The status (pretrial scheduling) conference currently set for hearing on September 29,

21   2010, is vacated;[3]

22        2.  Defendant Nemeth's motion to set aside the clerk's entry of default against her, Dckt.

23   No. 30, is granted; and

24

25        [3]  As a result, the parties are not required to submit status reports as provided in the
     November 10, 2009 order.  *See* Dckt. No. 2 at 2.  However, if the recommendation of dismissal
     herein is not adopted by the district judge, the undersigned will reschedule the status conference
26   and require the parties to submit status reports.

3.  The clerk's entry of default against defendant Nemeth is set aside.

It is FURTHER RECOMMENDED that:

1.  Defendants' motions to dismiss, Dckt. Nos. 6, 8, and 30, be granted;

2.  Plaintiff's motion for leave to file an amended Writ of Quo Warranto, Dckt. No. 25, be denied;

3.  Plaintiff's Writ of Quo Warranto, Dckt. No. 3, be dismissed for lack of subject matter jurisdiction; and

4.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 16, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE